UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAFAEL BASURTO GOMEZ and
REYNALDO BASURTO, individually and on behalf          17 Civ. 5565 (JKG)
of others similarly situated,

                          Plaintiffs,                 FIRST AMENDED
                                                      ANSWER

                v.

1125 KOSHER DELI CORP (d/b/a PASTRAMI
QUEEN), PASTRAMI ON LEX, INC.
(d/b/a PASTRAMI QUEEN), PASTRAMI
PRINCE, INC. (d/b/a PASTRAMI QUEEN),
and STEVEN FRIEDMAN,

                          Defendants.
-------------------------------------------------------------X

       Defendants 1125 KOSHER DELI CORP., PASTRAMI ON LEX, INC., PASTRAMI PRINCE,

INC. and STEVEN FRIEDMAN by their attorneys, **FRANKLIN, GRINGER & COHEN, P.C.**,

as and for their answer to the First Amended Complaint ("Amended Complaint"), allege as

follows:

       1.       Defendants deny the first paragraph of the Amended Complaint.

       2.       Defendants deny the second paragraph of the Amended Complaint except admit

Defendant Steven Friedman is an owner of a deli that operates at 1125 Lexington Avenue, New

York, New York 10075 under the name Pastrami Prince, Inc. d/b/a Pastrami Queen.

       3.       Defendants deny the third paragraph of the Amended Complaint.

       4.       Defendants deny the fourth paragraph of the Amended Complaint except admit

Rafael Basurto Gomez was employed as a delivery worker by Pastrami Prince, Inc.

       5.       Defendants deny the allegations contained in Paragraph 5 of the Amended

Complaint.

                                             1

6.    Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7.    Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.    Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.    Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.    Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.    Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.    Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.    The fifteenth paragraph of the Amended Complaint sets forth that Plaintiffs are bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, New York Labor Law and regulations promulgated thereunder, and, as such, does not set forth any

allegations of fact; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

16.    The sixteenth paragraph of the Amended Complaint sets forth that Plaintiffs are seeking certification of this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and, as such, does not set forth any allegations of fact; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

17.    The seventeenth paragraph of the Amended Complaint sets forth jurisdictional invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

18.    The eighteenth paragraph of the Amended Complaint sets forth venue invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Amended Complaint except admit Plaintiff Rafael Basurto Gomez was employed by Pastrami Prince, Inc.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Amended Complaint.

21.    Defendants deny the twenty-first paragraph of the Amended Complaint except admit Pastrami Prince, Inc. operates as a deli at 1125 Lexington Avenue, New York, New York 10075.

3

22.     Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint except admit Pastrami On Lex, Inc. was a New York corporation that maintains its principal place of business at 1125 Lexington Avenue, New York, New York 10075.

24.     Defendants admit the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint except admit Defendant Steven Friedman is the current owner of Pastrami Prince, Inc.

26.     Defendants deny the twenty-sixth paragraph of the Amended Complaint except admit Pastrami Prince, Inc. operates a deli on the Upper East Side of Manhattan.

27.     Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint except admit Defendant Steven Friedman is the current owner of Pastrami Prince, Inc.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended

4

Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Amended
Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Amended
Complaint.

35.    The thirty-fifth paragraph of the Amended Complaint sets forth a legal conclusion
that Defendants are not obligated to answer; to the extent it may be read as setting forth any
allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to
the truth or falsity of those allegations.

36.    Defendants deny the allegations set forth in Paragraph 36 of the Amended
Complaint except admit Plaintiff Rafael Basurto Gomez was employed by Pastrami Prince, Inc.

37.    The thirty-seventh paragraph of the Amended Complaint sets forth that Plaintiffs
are seeking certification of this action as a collective action pursuant to the Fair Labor Standards
Act, 29 U.S.C. § 201, *et seq.*, and, as such, does not set forth any allegations of fact; to the extent
it may be read as setting forth any allegations of fact, Defendants deny those allegations.

38.    Defendants deny the allegations contained in Paragraph 38 of the Amended
Complaint except admit Plaintiff Rafael Basurto Gomez was employed by Pastrami Prince, Inc.

39.    Defendants deny the allegations contained in Paragraph 39 of the Amended
Complaint except admit Plaintiff Rafael Basurto Gomez was employed by Pastrami Prince, Inc.
as a delivery worker.

40.    Defendants deny the allegations contained in Paragraph 40 of the Amended
Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.    Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Amended Complaint.

60.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.    Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.    Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.    Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

79[sic] Defendants deny the allegations contained in the second Paragraph 79 of the Amended Complaint.

80.[sic] Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.[sic] Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.[sic] Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.[sic] Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.[sic] The eighty-fourth paragraph of the Amended Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

85.[sic] Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.[sic] Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.[sic] Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.[sic] Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

89.[sic] The eighty-ninth paragraph of the Amended Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

90.[sic] The ninetieth paragraph of the Amended Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

91.[sic] Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.[sic] Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.[sic] Defendants deny the allegations contained in Paragraph 93 of the Amended

Complaint.

94.[sic] Defendants deny the allegations contained in Paragraph 94 of the Amended
Complaint.

95.[sic] Defendants deny the allegations contained in Paragraph 95 of the Amended
Complaint.

96.[sic] Defendants deny the allegations contained in Paragraph 96 of the Amended
Complaint.

97.[sic] Defendants deny the allegations contained in Paragraph 97 of the Amended
Complaint.

98.[sic] Defendants deny the allegations contained in Paragraph 98 of the Amended
Complaint.

99.[sic] Defendants deny the allegations contained in Paragraph 99 of the Amended
Complaint.

100.[sic]Defendants deny the allegations contained in Paragraph 100 of the Amended
Complaint.

101.[sic]Defendants deny the allegations contained in Paragraph 101 of the Amended
Complaint.

102.[sic]Defendants deny the allegations contained in Paragraph 102 of the Amended
Complaint.

103.[sic]Defendants deny the allegations contained in Paragraph 103 of the Amended
Complaint.

104.[sic]The one hundred fourth paragraph of the Amended Complaint sets forth that Plaintiffs are seeking certification of this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and, as such, does not set forth any allegations of fact; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

105.[sic]Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.[sic]Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.[sic]Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.[sic]Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

109.[sic]As to Paragraph 109 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-108 of the Amended Complaint as if fully set forth herein.

110.[sic]Defendants deny the truth or falsity of the allegations set forth in Paragraph 110 of the Amended Complaint except admit Plaintiff Rafael Basurto Gomez was employed by Pastrami Prince, Inc.

111.[sic]The one hundred eleventh paragraph of the Amended Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

112.[sic]The one hundred twelfth paragraph of the Amended Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

113.[sic]Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.[sic]Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.[sic]Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.[sic]As to Paragraph 116 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-115 of the Amended Complaint as if fully set forth herein.

117.[sic]Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

118.[sic]Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.[sic]Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.[sic]As to Paragraph 120 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-119 of the Amended Complaint as if fully set forth herein.

121.[sic]Defendants deny the allegations set forth in Paragraph 121 of the Amended Complaint except admit Plaintiff Rafael Basurto Gomez was employed by Pastrami Prince, Inc.

122.[sic]Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123.[sic]Defendants deny the allegations contained in Paragraph 123 of the Amended Complaint.

124.[sic]Defendants deny the allegations contained in Paragraph 124 of the Amended Complaint.

125.[sic]As to Paragraph 125 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-124 of the Amended Complaint as if fully set forth herein.

126.[sic]Defendants deny the allegations contained in Paragraph 126 of the Amended Complaint.

127.[sic]Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint.

128.[sic]Defendants deny the allegations contained in Paragraph 128 of the Amended Complaint.

129.[sic]Defendants deny the allegations contained in Paragraph 129 of the Amended Complaint.

130.[sic]As to Paragraph 130 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-129 of the Amended Complaint as if fully set forth herein.

131.[sic]Defendants deny the allegations contained in Paragraph 131 of the Amended Complaint.

132.[sic]Defendants deny the allegations contained in Paragraph 132 of the Amended Complaint.

133.[sic]Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134.[sic]As to Paragraph 134 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-133 of the Amended Complaint as if fully set forth herein.

135.[sic]Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.[sic]Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

137.[sic]As to Paragraph 137 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-136 of the Amended Complaint as if fully set forth herein.

138.[sic]Defendants deny the allegations contained in Paragraph 138 of the Amended Complaint.

139.[sic]Defendants deny the allegations contained in Paragraph 139 of the Amended Complaint.

140.[sic]As to Paragraph 140 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-139 of the Amended Complaint as if fully set forth herein.

141.[sic]Defendants deny the allegations contained in Paragraph 141 of the Amended Complaint.

142.[sic]Defendants deny the allegations contained in Paragraph 142 of the Amended Complaint.

143.[sic]Defendants deny the allegations contained in Paragraph 143 of the Amended Complaint.

144.[sic]As to Paragraph 144 of the Amended Complaint, Defendants repeat and re-allege its answers to each and every allegation contained in Paragraphs 1-143 of the Amended Complaint as if fully set forth herein.

145.[sic]Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint.

146.[sic]Defendants deny the allegations contained in Paragraph 146 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

147.    The Amended Complaint fails to state any claims by Plaintiffs against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

148.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

16

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

149.    Defendants did not engage in willful conduct in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the FLSA.    Accordingly, pursuant to the FLSA, Plaintiffs' statute of limitations is two years.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

150.    Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and had reason to believe its actions and/or omissions did not willfully violate federal and/or state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

151.    Plaintiffs' claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

152.    Plaintiffs are not suitable representatives for the purported class.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

153.    Defendant 1125 Kosher Deli Corp. is not a proper party to this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

154.    12 N.Y.C.R.R.146-3.5, which presumes that employees employed in the hospitality industry who are not paid an hourly rate of pay received such pay for only the first forty hours of work, violates the due process clause of the U.S. Constitution and the New York State Constitution.

17

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

155.    Regulations promulgated by the New York State Department of Labor pursuant to 12 N.Y.C.R.R. 146 *et seq*., including, but not limited to regulations relating to spread of hours, are improper to the extent they exceed the authority provided by the New York State Legislature pursuant to New York Labor Law § 21 and § 652.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint in its entirety.

Dated: Garden City, New York
      December 29, 2017

Respectfully submitted,

By:    /s/_____
Joshua Marcus, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131

To:    Michael Faillace, Esq.
       Colin Mulholland, Esq.
       Michael Faillace & Associates, P.C.
       *Attorneys for Plaintiffs*
       50 East 42nd Street, Suite 4510
       New York, NY 10165
       Telephone: (212) 317-1200
       Fax: (212) 317-1620