# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

April 11th, 2018

**VIA ECF**
Honorable John G. Koeltl U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: <u>Gomez et al v. 1125 Kosher Deli Corp et al.</u>,
     17-cv-5565 (JGK)

Your Honor:

  This office represents all of the Plaintiffs in the above-referenced matter. We write, with Defendants' counsel's consent, to respectfully request that the Court approve the parties' settlement of the above-referenced matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

  The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discovery and settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

  The parties represent to the Court that while Plaintiffs believes that the settlement amount is less than what the Plaintiff would be entitled to if they prevailed on all of their claims at trial, the settlement is fair, as discussed herein.

  Under the Plaintiffs' allegations, the back wages to compensate them for back wages along with liquated damages were around $227,636.00 ($113,818.00 in unpaid minimum wages and another $113,818.00 in liquated damages).

  Defendants disputed the hours worked by the Plaintiffs and the character of the pay received. If the Defendants' claims were believed, Plaintiffs' damages in this matter would have been significantly less than the amount claimed by Plaintiffs.

  Notwithstanding the foregoing, while engaging in a productive mediation session, the parties have weighed the risks of trial and costs of further litigation and the parties have agreed to settle this matter for an amount that is fair and reasonable before the use of additional extensive resources on both sides in further discovery and at trial.

**Settlement**

Hon. John G. Koeltl
April 11th, 2018
Page 2 of 5

The parties have agreed to settle this action for the total sum of $200,000.00 which will be paid as outlined in **Exhibit A** attached to the Settlement Agreement.

One Hundred Thirty-Two Thousand Dollars ($132,000.00) of the settlement amount will be paid to the Plaintiffs. This represents more than 100% of the alleged unpaid overtime wages going directly to the Plaintiffs.

The remaining third of the settlement Sixty-Six Thousand ($66,000.00) will be applied as attorneys' fees and costs, subject to the court's review and approval.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiff have been represented by experienced counsel throughout this lawsuit and have made an informed decision to settle the action at this stage of litigation without incurring the costs or encumbrance of lengthy litigation and trial. The $132,000.00 that they will be receiving accounts for the full amount of any alleged unpaid wages that they could have recovered had they been successful at trial.

This recovery is also well over what Plaintiffs would recover if Defendants were to successfully challenge the hours worked by the Plaintiffs at trial. Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsel during a mediation session.

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $66,000.00 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm. Therefore, Plaintiff has already agreed to a fee that is higher than is provided for in the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My

Hon. John G. Koeltl
April 11th, 2018
Page 3 of 5

Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  His work is billed at $450 per hour.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is a trial attorney with Michael Faillace & Associates since May of 2017.  He has been practicing law since February of 2013.  At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years.  He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits.  He has secured the largest verdict in the history of Michael Faillace & Associates after a four day jury trial before Judge Sullivan - $2.2 million dollars. He bills at a rate of $350 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount.  While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, " 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)).  The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar.  See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early

Hon. John G. Koeltl
April 11th, 2018
Page 4 of 5

settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

Here, Plaintiffs were able to obtain a satisfactory outcome in a very brief period of time, with minimal encumbrance to their clients. In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorney's fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on, *inter alia*, the work of the Court appointed mediator and the specific approval of our clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Colin Mulholland, Esq.
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:   Defendants' Counsel (via ECF)