**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
RAFAEL BASURTO GOMEZ, REYNALDO
BASURTO and LEOVIGILDO VAZQUEZ
ESTRADA, individually and on behalf                          17 Civ. 5565 (JKG)
of others similarly situated,

                         Plaintiffs,

        -against-

1125 KOSHER DELI CORP (d/b/a PASTRAMI
QUEEN), PASTRAMI ON LEX, INC.
(d/b/a PASTRAMI QUEEN), PASTRAMI
PRINCE, INC. (d/b/a PASTRAMI QUEEN),
and STEVEN FRIEDMAN,

                         Defendants.
------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is

entered into between Rafael Basutro Gomez, Reynaldo Basurto and Leovigildo Vazquez Estrada

(herein collectively referred to as "Plaintiffs") and 1125 Kosher Deli Corp (d/b/a Pastrami Queen),

Pastrami On Lex, Inc. (d/b/a Pastrami Queen), Pastrami Prince, Inc. (d/b/a Pastrami Queen), and

Steven Friedman, and said company's successors, predecessors, parent, their related domestic and

foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective

current and former directors, officers, shareholders, partners, employees, assigns, and successors

in interest, representatives, agents, insurers, both in their representative and individual capacities,

and said individual's heirs, executors, administrators, successors, assigns, and attorneys (herein

collectively referred to as "Defendants");

A.  WHEREAS, Plaintiffs have brought forth an action in the United States District Court, Southern of New York (17 Cv. 5565), against DEFENDANTS alleging violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York State Labor Law; and

B.  WHEREAS, DEFENDANTS have denied PLAINTIFFS' claims; and

C.  WHEREAS, PLAINTIFFS and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

D.  WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFFS and to provide PLAINTIFFS with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFFS' promises set forth in this Agreement; and

E.  WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFFS and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

**1.  Consideration to be Provided to PLAINTIFFS.**

In consideration for the promises made by PLAINTIFFS set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFFS the total amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00). Payment shall be as follows:

(a) within thirty (30) days of Court approval of the settlement of this matter and upon the signing of this Agreement and execution of a W-9 by PLAINTIFFS' counsel , the total amount of ONE HUNDRED  THOUSAND DOLLARS ($100,000.00) payable by check made out to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs," Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel:

(b) three months from the payment set forth by paragraph 1(a), the total amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), payable by check made out to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs," Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel:

(c) six months from the payment set forth in paragraph 1(a), the total amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), payable by check made out to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs," Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel:

(d) nine months from the payment set forth in paragraph 1(a), the total amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), payable by check made out to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs," Determination of the

Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel:

(e) twelve months from the payment set forth in paragraph 1(a), the total amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), payable by check made out to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs," Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel:

PLAINTIFFS further agree that they will be individually responsible for any employee taxes due on the payments pursuant to Paragraphs 1 (a) and (b) above and agree to indemnify and hold harmless DEFENDANTS for any such liability with respect to those payments. PLAINTIFFS acknowledge that their attorneys' fees and expenses will be paid as part of the monies set forth in this Paragraph, and there will be no further or separate claim for attorneys' fees or expenses.

## 2.    Adequate Consideration.

PLAINTIFFS expressly stipulate that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement and for the obligations imposed upon them by virtue of this Agreement. PLAINTIFFS expressly agree and acknowledge that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers,

-4-

and promises made by PLAINTIFFS in this Agreement.  In exchange for this Agreement, PLAINTIFFS' counsel will provide DEFENDANTS' counsel with an executed Stipulation of Discontinuance With Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and the first payment set forth in Paragraph One herein.

3.     **Release of Claims by PLAINTIFFS.**

PLAINTIFFS voluntarily and irrevocably release and forever discharge DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFFS that they were not paid overtime, minimum wage, spread of hours and/or other wages, tips, recovery of equipment costs (tools of the trade) and were not provided with wage records  in connection with their employment in violation of the FLSA and the New York Labor Law.   The claims released by PLAINTIFFS include any and all claims against DEFENDANTS concerning PLAINTIFFS' employment with or arising from their employment with DEFENDANTS pursuant to the FLSA and the New York Labor Law which were asserted during the course of this litigation, including claims for unpaid overtime, unpaid minimum wage, recovery of equipment costs (i.e. tools of the trade), unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3),  and the unlawful withholding of tips pursuant to New York Labor Law § 196-d. PLAINTIFFS understand that they are releasing

-5-

any and all claims asserted against DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation.

### 4.    Affirmations by PLAINTIFFS.

a. PLAINTIFFS agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that in the event a claim is brought on their behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFFS in Paragraph 3 herein, they are waiving their right to recover money or other relief in such action.

b.    As a result of this settlement, PLAINTIFFS admit and affirm that (i) they have had an opportunity to consult their attorney about whether this settlement is reasonable and fully satisfies their claims against DEFENDANTS; (ii)  they have no other outstanding lawsuits or claims against DEFENDANTS, other than the action brought in the United States District Court, Southern District of New York (17 Civ. 5565), and (iii)  this Agreement has been entered into after a mediation was held between all parties on  February 28, 2018 during which time the parties had an opportunity to hear each side's arguments, and the terms of this settlement were agreed to and negotiated during such mediation.

c.    PLAINTIFFS affirm their understanding that the statute of limitations for any claim they might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this

Agreement.

        d.      PLAINTIFFS have entered into this Agreement under their own free will and volition upon consultation with their attorney.

        e.      PLAINTIFFS have had this Settlement Agreement read to them by PLAINTIFFS' counsel and/or an employee thereof in their native language.

## 5.      No Admission of Liability or Wrongdoing.

PLAINTIFFS agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFFS.

## 6.      Breach.

In connection with this action, DEFENDANTS shall execute affidavits of confessions of judgment which are annexed hereto as Exhibit B. In the event of a breach of this Agreement by DEFENDANTS for PLAINTIFFS' failure to receive the payments set forth in Paragraph 1, PLAINTIFFS by their attorney, shall send written notice of such breach by e-mail to DEFENDANTS' counsel, Franklin, Gringer & Cohen, P.C, 666 Old Country Road, Suite 202, Garden City, New York 11530, Attn: Joshua Marcus, Esq. Upon notice of such breach, DEFENDANTS shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, PLAINTIFFS shall be permitted to file the confessions of judgment with the New York County Clerk and/or in a Court of competent jurisdiction in the amount of $220,000.00, and attorneys' fees and interest, less amounts previously paid by DEFENDANTS

pursuant to this Agreement.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The United States District Court, Southern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury. The prevailing party shall be entitled to attorneys' fees.

## 7.    Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFFS hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

## 8.    Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

## 9.    Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language

in question.

### 10.    Disputes; Damages.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

### 11.    Waiting Period, Right of Revocation, Effective Date.

PLAINTIFFS acknowledge that they have been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that they have been given the opportunity and, in fact, have consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFFS sign this Agreement.

### 12.    Entire Agreement.

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFFS and DEFENDANTS.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT**

AGREEMENT AND RELEASE.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT.    THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

_____
**RAFAEL BASURTO GOMEZ**

Date: 03 / 30 / 18

Sworn to and subscribed before me this
30th day of MARCH_____, 2018.



Notary Public, State of New York

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

_____
**REYNALDO BASURTO**

Date: 03 / 30 / 18

Sworn to and subscribed before me this
30th day of MARCH_____, 2018.



Notary Public, State of New York

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

_____
**LEOVIGILDO VAZQUEZ ESTRADA**

Date: 03 / 30 / 18

Sworn to and subscribed before me this
30th day of MARCH_____, 2018.



MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

-11-

Notary Public, State of New York

_____
**1125 KOSHER DELI CORP**
**(d/b/a PASTRAMI QUEEN)**
**By: Steven Friedman**
Date:

Sworn to and subscribed before me this
__3ª__ day of ___April___, 2018.

Notary Public, State of New York

MARTIN GRINGER
Notary Public, State of New York
No. 24-4626160
Qualified in Kings County
Commission Expires May 31, 2018

_____
**PASTRAMI ON LEX, INC.**
**(d/b/a PASTRAMI QUEEN)**
**By: Steven Friedman**
Date:

Sworn to and subscribed before me this
__3ª__ day of ___April___, 2018.

Notary Public, State of New York

MARTIN GRINGER
Notary Public, State of New York
No. 24-4626160
Qualified in Kings County
Commission Expires May 31, 2018

_____
**PASTRAMI PRINCE, INC.**
**(d/b/a PASTRAMI QUEEN)**
**By: Steven Friedman**
Date:

Sworn to and subscribed before me this
__3ª__ day of ___April___, 2018.

MARTIN GRINGER
Notary Public, State of New York
No. 24-4626160
Qualified in Kings County
Commission Expires May 31, 2018      -12-

Notary Public, State of New York

**STEVEN FRIEDMAN**

Date:

Sworn to and subscribed before me this
3ᵈ day of _April_____, 2018.

Notary Public, State of New York

MARTIN GRINGER
Notary Public, State of New York
No. 24-4626160
Qualified in Kings County
Commission Expires May 31, 2018

-13-

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RAFAEL BASURTO GOMEZ, REYNALDO
BASURTO and LEOVIGILDO VAZQUEZ
ESTRADA, individually and on behalf
of others similarly situated,

Plaintiffs,

-against-

1125 KOSHER DELI CORP (d/b/a PASTRAMI
QUEEN), PASTRAMI ON LEX, INC.
(d/b/a PASTRAMI QUEEN), PASTRAMI
PRINCE, INC. (d/b/a PASTRAMI QUEEN),
and STEVEN FRIEDMAN,

Defendants.
---------------------------------------------------------------X

17 Civ. 5565 (JKG)

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed

with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court

without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement

Agreement.

Dated:  Garden City, New York

For the Plaintiffs:

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:_____
Colin Mulholland, Esq.
*Attorneys for Plaintiffs*
50 East 42nd Street, Suite 4510
New York, NY 10165
(212) 317-1200

_____, 2018

For the Defendants:

FRANKLIN, GRINGER & COHEN, P.C.

By:_____
Joshua Marcus, Esq.
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530
(516) 228-3131

-15-

So Ordered

_____
U.S.D.J.

**EXHIBIT B**

**NEW YORK STATE SUPREME COURT**
**NEW YORK COUNTY**

-------------------------------------------------------------------X

RAFAEL BASURTO GOMEZ, REYNALDO
BASURTO and LEOVIGILDO VAZQUEZ
ESTRADA
*individually and on behalf of others similarly*
*situated*,

*Plaintiffs*,

-against-

1125 KOSHER DELI CORP (d/b/a PASTRAMI
QUEEN), PASTRAMI ON LEX, INC.
(d/b/a PASTRAMI QUEEN), PASTRAMI
PRINCE, INC. (d/b/a PASTRAMI QUEEN),
and STEVEN FRIEDMAN,

*Defendants*

-------------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

STEVEN FRIEDMAN being duly sworn, deposes and says:

1.      I, STEVEN FRIEDMAN, resides at *187 E. 4ᵗʰ Street, 5J NY, NY 10009*.      SRF

2.      I have authority to sign on behalf of myself, on behalf of 1125 KOSHER

DELI CORP (d/b/a PASTRAMI QUEEN), PASTRAMI ON LEX, INC. (d/b/a PASTRAMI

QUEEN), PASTRAMI PRINCE, INC. (d/b/a PASTRAMI QUEEN), and I am duly authorized to

make this affidavit on my own, as well as on behalf of 1125 KOSHER DELI CORP (d/b/a

PASTRAMI QUEEN), PASTRAMI ON LEX, INC. (d/b/a PASTRAMI QUEEN), PASTRAMI

PRINCE, INC. (d/b/a PASTRAMI QUEEN),.

3.      I hereby confess judgment and authorize entry of judgment against 1125

KOSHER DELI CORP (d/b/a PASTRAMI QUEEN), PASTRAMI ON LEX, INC. (d/b/a

PASTRAMI QUEEN), PASTRAMI PRINCE, INC. (d/b/a PASTRAMI QUEEN), and myself,

jointly and severally, in favor of Plaintiffs for the sum of Two Hundred and Twenty Thousand Dollars ($220,000.00 USD), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Southern District Court action **Gomez, Rafael Basruto, et al v. 1125 Kosher Deli Corp. et al** Case No. **17-cv-5565** (the "Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; interest pursuant to N.Y. C.P.L.R. § 5004; and reasonable attorneys' fees incurred in entering and enforcing the judgment pursuant to this Confession of Judgment.

4.          This Confession of Judgment is for a debt justly due or to become due to Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement.

5.          I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against 1125 KOSHER DELI CORP (d/b/a PASTRAMI QUEEN), PASTRAMI ON LEX, INC. (d/b/a PASTRAMI QUEEN), PASTRAMI PRINCE, INC. (d/b/a PASTRAMI QUEEN), jointly and severally.

6.          I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against 1125 KOSHER DELI CORP (d/b/a PASTRAMI QUEEN), PASTRAMI ON LEX, INC. (d/b/a PASTRAMI QUEEN), PASTRAMI PRINCE, INC. (d/b/a PASTRAMI QUEEN), jointly and severally, for the above designated sum and interest accrued.

7.          This Confession of Judgment shall remain in escrow and judgment shall

not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8.      In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9.      Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10.     Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____
STEVEN FRIEDMAN

Date  April 3, 2018

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF  NEW YORK      }

On  April  3 , 2018, before me personally came STEVEN FRIEDMAN to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of 1125 KOSHER DELI CORP (d/b/a PASTRAMI QUEEN), PASTRAMI ON LEX, INC. (d/b/a PASTRAMI QUEEN), PASTRAMI PRINCE, INC. (d/b/a PASTRAMI QUEEN) and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

MARTIN GRINGER
Notary Public, State of New York
No. 24-4626160
Qualified in Kings County
Commission Expires May 31, 2019